Case 1:01-cr-00169-UWC-PWG    Document 61    Filed 05/05/2008    Page 1 of 2    **FILED**

2008 May-05 PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
Northern District of Alabama
Office of the Clerk
Room 140, 1729 5th Avenue North
Birmingham, Alabama 35203
(205) 278-1700

**FILED**

MAY – 9 2008

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Joseph Phillips, Chief Deputy

Sharon N. Harris, Clerk

May 5, 2008

TO:    Clerk, U.S. District Court
       Northern District of California
       Phillip Burton US Courthouse, 16 th Floor
       450 Golden Gate Avenue
       San Francisco, CA 94102-3434

CR 08 – 286  SI

In RE: Transfer of Supervision/Jurisdiction
       USA   v.   JEFFERY   JORDAN
Our Case No. CR 1:01-CR-169-UWC-PWG

Dear Sir/Madam:

       Pursuant to 18 U.S.C. § 3605, I am enclosing herewith copies of the order transferring jurisdiction of the subject probationer or supervised release and the pleadings in the above-styled case, which I hereby certify to be true copies of the originals on file in this office.

       Please acknowledge receipt on the enclosed copy of this letter.

                                   Sincerely,

                                   SHARON N. HARRIS, CLERK

                                   By: /s/ D. Cooper
                                       Deputy Clerk

Enclosures

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) CR-01-C-0169-E |
|---|---|---|
| E-filing    **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| JEFFERY JORDAN | | 1128    0286 |
| 235 Verbena Dr | NAME OF SENTENCING JUDGE | |
| East Palo Alto, CA 94303 | Honorable U.W. Clemon | |
| | DATES OF SUPERVISED RELEASE | FROM 04/18/2008 | TO 04/17/2013 |

**OFFENSE**

21 USC 846 & 841(b)(1)(A) Conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine hydrochloride

21 USC 841(a)(1) & (b)(1)(B) Possession with intent to distribute approximately 1,480 grams of cocaine hydrochloride

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE    NORTHERN DISTRICT OF ALABAMA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the    NORTHERN DISTRICT OF CALIFORNIA    upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

04/29/08
Date

*This sentence may be deleted in the discretion of the transferring Court.

United States District Judge
U.W. Clemon
United States District Judge

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE    NORTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

4/30/08
Effective date

United States District Judge

TRUE COPY:
By: _____ D. Cooper

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) CR-DGC-0169-E |
|---|---|---|
| E-filing **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF SUPERVISED RELEASEE JEFFERY JORDAN 235 Verbena Dr East Palo Alto, CA 94303 | DISTRICT NDAL | DIVISION 1128 0286 |
|---|---|---|
| | NAME OF SENTENCING JUDGE Honorable U.W. Clemon | SI |
| | DATES OF SUPERVISED RELEASE | FROM 04/18/2008 | TO 04/17/2013 |

**OFFENSE**
21 USC 846 & 841(b)(1)(A) Conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine hydrochloride

21 USC 841(a)(1) & (b)(1)(B) Possession with intent to distribute approximately 1,480 grams of cocaine hydrochloride

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___ NORTHERN DISTRICT OF ALABAMA

  IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___ NORTHERN DISTRICT OF CALIFORNIA ___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

04/29/08
_____
Date

_____
United States District Judge
U.W. Clemon
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___ NORTHERNDISTRICT OF CALIFORNIA

  IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

TRUE COPY:
By: _D. Cooper_

4/30/08
_____
Effective date

_____
United States District Judge

Case 1:01-cr-00169-UWC-PWG    Document 53    Filed 12/12/2001    Page 1 of 5

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

**UNITED STATES OF AMERICA**

v.

Case Number CR 01-C-0169-E

**JEFFERY JORDAN**
Defendant.

**ENTERED**

## JUDGMENT IN A CRIMINAL CASE
### (For Offense(s) Committed On or After November 1, 1987)

DEC 1 2 2001

The defendant, JEFFERY JORDAN, was represented by John Robbins.

The defendant pleaded guilty to counts one and two. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 846& 841(b)(1)(A) | Conspiracy to possess with intent to distribute and to distribute in excess of 5 kilograms of cocaine hydrochloride | 1 |
| 21 USC 841(a)(1)&(b)(1)(B) | Possession with intent to distribute approximately 1,480 grams of cocaine hydrochloride | 2 |

As pronounced on December 4, 2001, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200.00, for counts one and two, which shall be due immediately and may be collected in accordance with the Bureau of Prisons Inmate Financial Responsibility Program.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _11th_ day of _December_____, 2001.

_____
Chief United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 07/21/64
Defendant's address: 101 29th Street East; Anniston, AL 36201

**TRUE COPY:**
**By:** _____

53

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant:  JEFFERY JORDAN
Case Number:  CR 01-C-0169-E

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 87 months as to count one; 87 months as to count two to run concurrently with count one.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons or U. S. Marshal by 12:00 Noon on Friday, December 28, 2001.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By     _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 5

Defendant: JEFFERY JORDAN
Case Number: CR 01-C-0169-E

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 60 months. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without the permission of the court or probation officer.
3) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten(10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program if and as directed by the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so), and/or (c)placed in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so).
(16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing if the probation officer determines that the defendant has the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) at the direction of the probation officer.
(17) The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment, at the direction of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse (with the defendant to contribute to the cost of drug testing if the probation officer determines that the defendant has the ability to do so), (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor with the defendant to contribute to the cost of drug/alcohol treatment if the probation officer determines that the defendant has the ability to do so), (c) placement in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of ninety (90) days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so).
(18) If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 4 of 5

Defendant: JEFFERY JORDAN
Case Number: CR 01-C-0169-E

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)  The defendant shall participate, if and as directed by the probation officer, in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) conducted by the probation office (or a comparable program conducted in the district of supervision). (See the Standard Conditions for a brief description of possible terms of such participation.)

2)  The defendant shall participate, if and as directed by the probation officer, in such mental health/vocational rehabilitation programs, to include a certified domestic violence intervention program, as the officer may direct. The defendant shall contribute to the cost of mental health treatment if the probation officer determines that the defendant has the ability to do so.

3)  The defendant shall not possess a pager, cellular telephone, scanner or other portable communication device [or direct any person on his behalf to do so], without the written consent of the probation officer specifying that such consent is in connection with legitimate employment.

Page 5 of 5

DFT _Jeffery Jordan_

CR _-01-C-1169-E_

## STATEMENT OF REASONS

## NOT FOR PUBLIC DISCLOSURE

## YOU WILL RECEIVE A COPY BY MAIL

**FILED**

**AUG 16 2001**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-01-C-069-E |
| | ) | |
| JEFFERY JORDAN | ) | |

### PLEA AGREEMENT

The United States of America, the defendant and the defendant's attorney hereby

acknowledge the following to be the plea agreement between the defendant and the United States

and the conditions and understandings that apply to the agreement:

I.    PLEA AGREEMENT:    The United States and the defendant hereby

AGREE to the following:

(1)    Plea:    The defendant will plead guilty to the indictment filed in the

above-stated case. Count One of the indictment charges that from on or about the 30th day of July

1998, through on or about the 24th day of April 2000, in Calhoun County, within the Northern

District of Alabama and elsewhere, the defendants, ADRIAN CHINE AUGMON also known as

"Chinese," JEFFERY JORDAN, and TAQUIA SHENNA SMITH did knowingly, intentionally,

and unlawfully conspire and agree with each other and with others both known and unknown to

the Grand Jury to knowingly, intentionally, and unlawfully possess with the intent to distribute

and to distribute in excess of 5 kilograms of a mixture and substance containing a detectable

amount of cocaine hydrochloride, a controlled substance, in violation of Title 21, United States

Code, Sections 846 and 841 (b)(1)(A). In Count Two the Grand Jury charges that on or about the

24th day of April, 2000, in Calhoun County, within the Northern District of Alabama, the

defendant, JEFFERY JORDAN, did knowingly, intentionally, and unlawfully possess with the

intent to distribute approximately 1,480 grams of a mixture and substance containing a detectable

amount of cocaine hydrochloride, a controlled substance, in violation of Title 21, United States

Code, Sections 841(a)(1) and (b)(1)(B).

    (2)    Recommendation: Pursuant to Rule 11(e)(1)(B), Fed. R. Crim. P., and

upon the Court's acceptance of the aforesaid plea and entry of judgment on the same, the United

States will recommend that:

    (A)    The defendant receive a three-level reduction for acceptance of responsibility and be sentenced at the resulting low-end of the Sentencing Guideline range,

    (B)    Further, should the defendant provide substantial assistance to the government, the government will file a motion for downward departure pursuant to section 5K1.1 of the Federal Sentencing Guidelines and Title 18, United States Code, Section 3553(e). Said motion will outline the assistance rendered by the defendant and will make specific recommendations as to sentence. Said recommendations as to sentence will be commensurate with the United States' evaluation of the assistance provided by the defendant, and

    (C)    Should the defendant be able to render additional assistance within one year of his sentencing, the United States will consider the filing of a motion pursuant to Rule 35, seeking a further reduction in sentence should circumstances warrant. The defendant understands and agrees that the filing of such a motion is solely within the discretion of the United States.

    (3)    Factual Basis: On July 30, 1998, Birmingham police intercepted a Federal

Express package from California addressed to Charles Allen at 200 MacKenzie Circle,

Apartment B-7, Mumford, Alabama. A drug canine alerted to the package and officers obtained

2

a state search warrant to open the package. The package contained about a kilogram and a half of cocaine. Agents then made a controlled delivery. The package was delivered to Keith Ball. Keith Ball was arrested, convicted and is now cooperating. The phone number, 867-9014, listed on the package was subscribed to by Jeffery Jordan. The last two pages in Ball's pager were from 867-9014. Based on information obtained from Ball, and information from other sources, officers obtained a state search warrant for Jeffery Jordan's house.

On August 6, 1998, agents executed the state search warrant. Found in Jordan's house was a Housing Authority Trespassing Notice. The Housing Authority Trespassing Notice said, "had marijuana in vehicle. Passenger, Keith Ball said it was his–he was arrested." The Notice was made out to Augmon. Also found in the house was a torn page from a telephone book with 867-9014 written on it. Jordan was mirandized and questioned. Agents told Jordan that 867-9014 was subscribed to him. Jordan told agents that he obtained the pager number, but that it was used by Augmon. Jordan further explained that Augmon paid for Jordan and Augmon's pagers, but both were in Jordan's name.

On October 7, 1998, Ball was interviewed. He told agents that he began buying cocaine and crack cocaine from Jordan in August of 1997. At that time, Jordan was obtaining the cocaine from Augmon who was living in California. Augmon would send the cocaine via UPS to Jordan's home address. Ball also stated that in September of 1997, Augmon moved from California to Anniston, Alabama and lived with Jordan for two weeks. Augmon then got an apartment in Anniston. Around this time, Augmon asked Ball to start selling cocaine for him. Augmon also asked if Ball knew of some addresses where he could have the cocaine mailed. Ball gave him three addresses, one of which was the address where Ball accepted cocaine on a

3



controlled delivery, on July 30, 1998.

Agents next interviewed Robert Cunningham. Cunningham told agents that Augmon asked Cunningham to help him find people to sell large quantities of cocaine. Cunningham further stated that he had bought ounce quantities from Augmon on several occasions. He also bought cocaine from Ball on approximately 10 occasions. He knew that Ball and Augmon were in the drug business together.

On April 24, 2000, Calhoun County Drug Task Force seized a UPS package containing 1.5 kilograms of cocaine. The package was control delivered to Taquia Smith. After waiving her Miranda rights, Smith agreed to cooperate and deliver the package to Jordan who was the intended recipient of the package. Smith further told agents that Jordan called her about a week ago. He asked her if he could have a package mailed to her apartment. She said, "Yes," and gave him a key to her apartment so that he could pick the package up while she was at work. Smith agreed to call Jordan to let him know that she had the package.

Smith then told agents that she had not been truthful with them. She admitted that Augmon was the person who was to receive the package. Augmon asked Smith if he could use her apartment for the package delivery. Augmon had Smith give Jordan the key to her apartment so that Jordan could pick up the package. Smith placed a recorded telephone call to Jordan wherein she told him to come pick up the package. Jordan said he would come to her apartment to get the package.

Agents placed the package containing the 1.5 kilograms of cocaine in the trunk of Smith's car and fitted Smith with a wire. Smith was then followed by agents to her apartment. Inside of her apartment, Smith received a phone call from Augmon inquiring if Jordan had

4

picked up the package. Smith also received a phone call from Jordan wherein he stated that he would be there in a few minutes. Both of these calls were reflected on Smith's caller id box.

Soon thereafter, Jordan came to Smith's apartment and asked about the package. Smith told Jordan that the package was in the trunk of her car and handed Jordan her keys. Jordan went to Smith's car, opened the trunk and retrieved the package. Officers moved in to arrest Jordan. When Jordan saw the officers coming towards him, he threw the package down and fled. Officers caught Jordan and he was arrested and released.

II.     CONDITIONS AND UNDERSTANDINGS:          The following conditions and understandings apply to the above-stated plea agreement:

## COOPERATION

(1)     The defendant will cooperate fully with the United States and with any federal, state or local law enforcement agency designated by the United States Attorney. As used in this Agreement, "cooperation" requires the defendant:

    (A)     to attend all meeting, grand jury sessions, trials and other proceedings as requested or as compelled by subpoena or court order;

    (B)     to respond truthfully and completely to any and all questions or inquiries, whether in interviews, before a grand jury or at any trials or other court proceedings;

    (C)     to produce documents, records or other tangible evidence as requested and;

    (D)     submit to any and all polygraph examinations requested by the United States or any agency thereof.

(2)     The United States is not required to accept any cooperation or assistance that the defendant chooses to proffer.

5

(3)     It is repeated that the defendant must at all times give compete, truthful

and accurate information and testimony while cooperating with the United States.

(4)     The defendant must not commit any crimes while cooperating with the United

States.

## COOPERATION - UNDERCOVER WORK

(5)     If requested by the United States or an agency designated by the United

States Attorney, the defendant will act in an undercover capacity to the best of the defendant's

ability. The defendant will allow such authorities to monitor tape recorded conversations with

persons who are believed to be engaged in criminal conduct. The defendant will fully comply

with all reasonable instructions and directions of such agencies in this connection.

## COOPERATION - CONSEQUENCES FOR FAILURE TO COMPLY WITH AGREEMENT

(6)     If the defendant commits any crimes or if any of the defendant's

statements or testimony prove to be false, misleading or materially incomplete, or if the

defendant otherwise violates this Agreement in any way, the United States will no longer be

bound by its representations to the defendant concerning the limits on criminal prosecution or

sentencing recommendation, as set forth above. The defendant shall, thereafter, be subject to

prosecution for any federal criminal violation arising out of the violation of the Agreement

including but not limited to perjury, false statements and obstruction of justice.

(7)     Because the defendant's disclosures pursuant to this Agreement will constitute a

waiver of the defendant's Fifth Amendment privilege against compulsory self-incrimination, any

such prosecution may be premised on statements and/or information provided by the defendant.

6

(8)     Moreover, any prosecutions that are not time-barred by the applicable

statute of limitations on the date of the signing of this Agreement may be commenced against the

defendant in accordance with this paragraph, notwithstanding the expiration of the statute of

limitations between the signing of this Agreement and the commencement of any such

prosecutions. The defendant agrees to waive any and all defenses based on the statute of

limitations with respect to any prosecutions that are not time-barred on the date of the defendant

signs this Agreement.

(9)     The defendant agrees that the United States Attorney for the Northern

District of Alabama, and not any court or any other federal agency will have sole authority to

determine whether you have complied with this agreement. For example, if the United States

Attorney determines that the defendant has not complied with this agreement, the defendant may

not ask a court to review such a determination. However, the court still has the power to impose

any legal sentence not withstanding the position of the United States Attorney.

## POSSIBLE SENTENCES AND THE GUIDELINES

(1)     <u>Maximum Possible Sentences:</u>     The defendant is aware of the

maximum possible punishment under the indictment. The defendant is aware that a sentence

could include imprisonment, fines, assessments, restitutions and other costs and losses.

(2)     <u>Special Assessment Fees:</u> The law requires that special assessment fees be

imposed.

(3)     <u>Guidelines:</u>     Congress has created sentencing guidelines that set a

sentencing range in this case. These guidelines take into consideration, among other things, the

nature and consequences of the offense, the defendant's role in the offense, other conduct of the

7

defendant and/or coconspirators relevant to the offense, whether the defendant has accepted responsibility, whether the defendant has obstructed justice, and the defendant's criminal record. The guidelines may require or suggest a variety of punitive measures other than or in addition to simple incarceration.

The defendant and the defendant's attorney are aware of the sentencing guidelines and have studied their application to this case. The defendant is aware that the guidelines can be complicated. The defendant is further aware that the Court ultimately calculates the guidelines range applicable to this case and is not bound by the defendant's or the United States Attorney's calculations.

The Court may even decide that the recommended sentence is not within the guidelines range and may not follow the recommendation for that reason. Also, the Court may, for just cause, impose a sentence above or below the guidelines range, even the maximum possible sentences under the law.

(4) <u>Non-binding</u>: It is the Court's duty to impose sentence. The Court is not a party to the above plea agreement. Any sentence recommendation by the United States does not bind the Court, and the Court may impose a more severe or less severe sentence than that recommended.

(5) <u>Sentencing Information</u>: The United States may make any facts or evidence it deems relevant to sentencing known to the Court.

## WITHDRAWAL OF GUILTY PLEA NOT ALLOWED

If the Court decides not to give the recommended sentence or decides that the recommended sentence is not within the guidelines range, the defendant may not withdraw the

8

plea of guilty.

## FAMILIARITY WITH CHARGES

The defendant has read and understands the Indictment and has discussed the charges and possible defenses with counsel. The defendant is fully aware of the elements of Count One and Count Two.

## ACKNOWLEDGMENT OF GUILT

The defendant is pleading guilty to the charges described above because the defendant is in fact guilty. Should the defendant move the Court to accept the plea of guilty under the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of nolo contendere, the plea agreement described above will be null and void, and the United States will not be bound by any agreement, understanding, provision, or stipulation, express or implied, in this document.

## WAIVERS

By pleading guilty, the defendant waives and agrees to waive any and all motions, defenses, objections or requests which have been made or which could have been made in this case. The defendant also waives the right to trial by a jury (or by a judge if the defendant elected to be tried by a judge alone). At any such trial, the defendant would have the right to assistance of counsel, to confront and cross-examine the witnesses against the defendant, to present evidence on the defendants behalf, to compel the attendance of witnesses for the defense, and to testify or refuse to testify. The United States would have the burden of proving the case against the defendant beyond a reasonable doubt. The defendant would be presumed innocent and could only be convicted if a jury of twelve people (or a judge if the defendant elects to be tried by a

9

judge) unanimously found the defendant to be guilty beyond a reasonable doubt. The defendant would have the right to appeal a guilty verdict. THE DEFENDANT WAIVES HIS RIGHT TO APPEAL FROM ANY SENTENCE, SO LONG AS IT IS WITHIN THE GUIDELINE RANGE. All these rights and protections are hereby waived.

## COUNSEL

The defendant has discussed this case at length with defendant's counsel. The defendant is satisfied with counsel's investigation of the case, exploration of possible defenses, advice and other representation.

## NON-RELIANCE

Other than what is contained in this document, NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE DEFENDANT BY THE PROSECUTOR OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE THE DEFENDANT TO PLEAD GUILTY. The defendant is not relying on any representations from anyone regarding possible parole or release dates. This document represents the sole agreement and understanding between the defendant and the United States.

## POST-SENTENCE ACTIONS

This document in no way limits any response by the United States to post-sentencing actions, including appeals, motions to correct or review sentences, or habeas corpus petitions.

## OTHER DISTRICTS AND JURISDICTIONS

This document DOES NOT BIND any other United States Attorney in any other district, nor does it bind state or local authorities.

10

## COMPETENCE

The defendant has not had any drugs, medication or alcohol within the past 48 hours except as stated hereafter and is competent to enter the plea agreement stated above.

11

## ACKNOWLEDGMENTS

1.    I have READ this document, DISCUSSED it with my attorney and

UNDERSTAND and AGREE with all its provisions, both individually and totally.

8-16-2001
DATE

JEFFERY JORDAN
Defendant

2.    I have discussed this case with the defendant in detail and have advised the

defendant of the defendant's rights and all possible defenses. The defendant has conveyed to me

that the defendant has read and understands this document and consents to all its terms. I believe

the plea and disposition set forth herein are appropriate under the facts of this case. I concur in

the entry of the plea as indicated above and on the terms and conditions set forth herein.

8-16-2001
DATE

JOHN ROBBINS
Defendant's Counsel

3.    I have reviewed this document and agree to its provisions.

HERBERT H. HENRY III
United States Attorney

8-16-01
DATE

CLARK M. DENNEY
Assistant United States Attorney

12                          TRUE COPY:

By: D. Cooper

GDJ/CMD: May 2001

IN THE UNITED STATES DISTRICT COURT    01 APR 27  PM 12: 01

FOR THE NORTHERN DISTRICT OF ALABAMA U.S. DISTRICT COURT
N.D. OF ALABAMA

## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR-01-C-0169-S |
| | ) |
| ADRIAN CHINE AUGMON, also | ) |
| known as "Chinese," | ) |
| JEFFERY JORDAN, and | ) |
| TAQUIA SHENNA SMITH | ) |

## INDICTMENT

COUNT ONE: [21 U.S.C. §§ 846 and 841(b)(1)(A)]

The Grand Jury charges that:

From on or about the 30th day of July 1998, through on or about the 24th day of April

2000, in Calhoun County, within the Northern District of Alabama and elsewhere, the

defendants,

ADRIAN CHINE AUGMON also known as "Chinese,"
JEFFERY JORDAN, and
TAQUIA SHENNA SMITH

did knowingly, intentionally, and unlawfully conspire and agree with each other and with others

both known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully possess

with the intent to distribute and to distribute in excess of 5 kilograms of a mixture and substance

containing a detectable amount of cocaine hydrochloride, a controlled substance, in violation of

Title 21, United States Code, Sections 846 and 841 (b)(1)(A).

COUNT TWO: [21 U.S.C. §§ 841(a)(1) and (b)(1)(B)]

The Grand Jury charges that:

On or about the 24th day of April, 2000, in Calhoun County, within the Northern District

of Alabama, the defendant,

JEFFERY JORDAN,

did knowingly, intentionally, and unlawfully possess with the intent to distribute approximately

1,480 grams of a mixture and substance containing a detectable amount of cocaine

hydrochloride, a controlled substance, in violation of Title 21, United States Code, Sections

841(a)(1) and (b)(1)(B).

TRUE BILL

Winfield-Burk

FOREMAN OF THE GRAND JURY

G. DOUGLAS JONES
United States Attorney

CLARK M. DENNEY
Assistant United States Attorney

TRUE COPY:

By: D. Cooper

```
RUN ON 05/05/08                                    FEDERAL COURT SYSTEMS                              PAGE: 1
                                          NORTHERN DISTRICT OF ALABAMA
                                              CASE INQUIRY REPORT
```

CASE NO: 1:01-CR-C169          TITLE: USA VS JORDAN

| DEFENDANT # | ORDERED AMOUNT | AMOUNT PAID | BALANCE DUE | ACCOUNT | PAYMENT TYPE |
|---|---|---|---|---|---|
| 1   AUGMON, ADRIAN CHINE | 100.00 | 100.00 | 0.00 | 504100 | FINE |
|  | 100.00 | 100.00 | 0.00 |  |  |
| 2   JORDAN, JEFFERY | 200.00 | 200.00 | 0.00 | 504100 | FINE |
|  | 200.00 | 200.00 | 0.00 |  |  |

| TRANSACTION | RECEIPT/ VOUCHER NUMBER | RECEIPT/ VOUCHER DATE | INCREASE/ (DECREASE) CASE BAL | TYPE OF TRANS-ACTION | ACCOUNT NUMBER | DEFENDANT PAYEE/BANK NUMBER | U.S. TREASURY | COMMERCIAL BANKS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| RECEIVED | 20017718601 | 04/22/02 | 25.00 | CK | 504100 | 1 |  |  | 25.00 |
| RECEIVED | 20017739301 | 04/23/02 | 25.00 | CK | 504100 | 2 |  |  | 25.00 |
| RECEIVED | 20017844801 | 05/15/02 | 25.00 | CK | 504100 | 1 |  |  | 25.00 |
| RECEIVED | 20017852001 | 05/15/02 | 25.00 | CK | 504100 | 2 |  |  | 25.00 |
| RECEIVED | 60000343301 | 06/11/02 | 25.00 | CK | 504100 | 1 |  |  | 25.00 |
| RECEIVED | 60000349801 | 06/11/02 | 25.00 | CK | 504100 | 2 |  |  | 25.00 |
| RECEIVED | 60000357401 | 07/18/02 | 25.00 | CK | 504100 | 1 |  |  | 25.00 |
| RECEIVED | 60000377401 | 07/19/02 | 25.00 | CK | 504100 | 2 |  |  | 25.00 |
| RECEIVED | 60000405101 | 08/14/02 | 25.00 | CK | 504100 | 2 |  |  | 25.00 |
| RECEIVED | 60000418701 | 09/10/02 | 25.00 | CK | 504100 | 2 |  |  | 25.00 |
| RECEIVED | 60000445901 | 10/10/02 | 25.00 | CK | 504100 | 2 |  |  | 25.00 |
| RECEIVED | 60000475901 | 11/14/02 | 25.00 | CK | 504100 | 2 |  |  | 25.00 |

********** CASE SUMMARY **********

TOTAL CASE BALANCE:                300.00

BALANCE IN U.S. TREASURY:                                          0.00
CASE DEPOSITORY MAINT. BALANCE :                                   0.00



MERCIAL BANKS:                                    ..
Y MAINT. BALANCE
CEIPT ACCOUNTS:

0.00
0.00

300.00

ACTION:
T-388800
NK DEPOSIT
HER

AJ: ADJUSTMENT
BT: BANK TRANSFER
CL: COLLATERAL
DW: DIRECT WITHDRAWL
MO: MONEY ORDER

BV: BANK VOUCHER
CC: CREDIT CARD
CN: CONVERSION
DV: DEBIT VOUCHER
TR: TRANSFER

CH: CASH
CR: CASE REFUND
FF: FORFEITURE
VD: VOID

CLOSED

# U.S. District Court
# Northern District of Alabama (Eastern)
# CRIMINAL DOCKET FOR CASE #: 1:01-cr-00169-UWC-PWG-2
# Internal Use Only

Case title: USA v. Augmon, et al

Date Filed: 04/27/2001
Date Terminated: 12/04/2001

Assigned to: Judge U W Clemon
Referred to: Magistrate Judge Paul W
Greene

## Defendant

**Jeffery Jordan** (2)
*TERMINATED: 12/12/2001*

represented by **John C Robbins**
POLSON & ROBBINS
2001 Park Place N, Suite 925
Birmingham, AL 35203
205-252-7000
Fax: 205-252-1390
Email: jcrobbins59@yahoo.com
*TERMINATED: 12/12/2001*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Nathaniel D Owens**
REMEDIES LEGAL SVC PC
PO Box 2641
Anniston, AL 36202
1-256-236-0111
Fax: 1-256-236-0151
Email: wwlwms@aol.com
*TERMINATED: 06/27/2001*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

## Pending Counts

21:846 and 841(b)(1)(A)
CONSPIRACY TO DISTRIBUTE
NARCOTICS cocaine hydrochloride
(1)

21:841(a) and (b)(1)(B) NARCOTICS -
SELL, DISTRIBUTE, OR DISPENSE
cocaine hydrochloride
(2)

## Disposition

CBP 87 mos as to cts 1 & 2 to run
concurr; SRT 60 mos; no fine; asmt fee
$200.00

CBP 87 mos as to cts 1 & 2 to run
concurr; SRT 60 mos; no fine; asmt fee
$200.00

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

**Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**

**Disposition**

None

---

**Plaintiff**

**United States of America**
*TERMINATED: 12/12/2001*

represented by **Alice H Martin, US Attorney**
US ATTORNEY'S OFFICE
1801 4th Avenue North
Birmingham, AL 35203-2101
244-2001
Email: alice.martin@usdoj.gov
*TERMINATED: 12/12/2001*
*ATTORNEY TO BE NOTICED*

**US Marshal**
UNITED STATES MARSHAL'S
OFFICE
Hugo Black Federal Courthouse, Room
240
1729 5th Avenue North
Birmingham, AL 35203
205-731-1712
Email: usms-aln-courts@usdoj.gov
*TERMINATED: 12/12/2001*
*ATTORNEY TO BE NOTICED*

**US Probation**
UNITED STATES PROBATION
OFFICE
Hugo Black Courthouse, Room 201
1729 5th Avenue, North
Birmingham, AL 35203
278-2100
Email:
alnpdb_cmecf@alnp.uscourts.gov
*TERMINATED: 12/12/2001*
*ATTORNEY TO BE NOTICED*

**Clark Morris**
US ATTORNEY'S OFFICE
1801 4th Avenue North
Birmingham, AL 35203-2101
244-2001
Fax: 244-2182 fax
*TERMINATED: 12/12/2001*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/27/2001 | | Docket Modification (Utility) sealing case (KWC) (Entered: 04/27/2001) |
| 04/27/2001 | 1 | INDICTMENT (referred to Magistrate-Judge T M. Putnam ) filed by USA Counts filed against Adrian Chine Augmon (1) count(s) 1, Jeffery Jordan (2) count(s) 1, 2, Taquia Shenna Smith (3) count(s) 1 (KC) (SEAL) Modified on 04/30/2001 (Entered: 04/30/2001) |
| 04/27/2001 | | ADDRESS: Adrian Chine Augmon, 5408 Centerbrook, Anniston, AL 36201; Jeffery Jordan, 101 East 29th Street, Anniston, AL 36201; Taquia Shenna Smith, 500 Glenaddie Ave, Apt U-6, Anniston, AL 36201 (SEAL) (Entered: 04/30/2001) |
| 04/27/2001 | | PRAECIPE (TMP) for warrant for all 3 dfts (KC) (SEAL) Modified on 04/30/2001 (Entered: 04/30/2001) |
| 04/27/2001 | | ARREST Warrant issued for Jeffery Jordan (by order of Magistrate-Judge T M. Putnam) del USM (KC) (SEAL) (Entered: 04/30/2001) |
| 04/27/2001 | 2 | MOTION to seal case by USA as to Adrian Chine Augmon, Jeffery Jordan, Taquia Shenna Smith filed cs dl TMP (KC) (SEAL) Modified on 04/30/2001 (Entered: 04/30/2001) |
| 04/27/2001 | 3 | ORDER (by Magistrate-Judge T M. Putnam) granting motion to seal case until further notice by USA as to Adrian Chine Augmon, Jeffery Jordan, Taquia Shenna Smith [2-1] filed cm (KC) (SEAL) Modified on 04/30/2001 (Entered: 04/30/2001) |
| 04/27/2001 | | (Court only) (SEAL) (Entered: 04/30/2001) |
| 06/19/2001 | | Docket Modification (Utility) case unsealed per oral order of TMP; dft arrested (sjr) (SEAL) (Entered: 06/19/2001) |
| 06/19/2001 | | Docket Modification (Utility) case referred to MagisJudge Paul W Greene (dft Augmon arrested) (Former Employee) (Entered: 06/20/2001) |
| 06/21/2001 | 7 | NOTICE OF ARRAIGNMENT ; set for 9:30 6/28/01 for Jeffery Jordan issued cm (Former Employee) (Entered: 06/21/2001) |
| 06/21/2001 | | COURTROOM NOTES ( before Magistrate-Judge T M. Putnam ): first appearance of Jeffery Jordan; Attorney Nathaniel D Owens present; charges and rights explained; bond set at $500.00 UNS, with S/C |

CM/ECF Case District Court Southern District of Alabama Docket Report Page 28 of 31 Page 4 of 7

| | | |
|---|---|---|
| | | imposed; bond and general order setting conds of rel explained and executed; dft advised of his next ct-appearance, being Thursday, 06/28/01, at 9:30 a.m., for Arraignment, before Judge Greene; dft released tape nbr 2A22, 1064-2039 (RLD) (Entered: 06/22/2001) |
| 06/22/2001 | 8 | ARREST Warrant returned executed (self-surrendered) as to defendant Jeffery Jordan filed ; defendant arrested on 6/21/01 (RLD) (Entered: 06/22/2001) |
| 06/22/2001 | 9 | BOND (w/ACKNOW and General Order Setting Conds of Rel) Filed ( $500.00 Unsecured) by Jeffery Jordan (RLD) (Entered: 06/22/2001) |
| 06/22/2001 | | Docket Modification (Utility) ; pretrial conference set for 9:15 7/3/01 for Adrian Chine Augmon, for Jeffery Jordan (KWC) (Entered: 06/22/2001) |
| 06/22/2001 | | COURTROOM NOTES ( before Magistrate-Judge T M. Putnam ): CrtRptr Penny Enoch tape nbr 2A22, 3715-4198-DETENTION HEARING-Court's preliminary remarks-PROFFER by Gov't-Upon Motion (oral) by dft to Continue, the Court recessed the hearing until Tuesday, June 26, 2001, at 2:00 p.m.-Dft remanded to the custody of the Marshal (RLD) (Entered: 06/27/2001) |
| 06/26/2001 | 12 | MOTION for withdrawal of Nathaniel D Owens, atty for dft Jeffery Jordan filed cs dl PWG (KWC) (Entered: 06/27/2001) |
| 06/26/2001 | | COURTROOM NOTES ( before Magistrate-Judge T M. Putnam ): CrtRptr Penny Enoch tape nbr 2A22, 6192-End; 2A23, 0000-1940-DETENTION HEARING resumed-Dft's testimony-Dft rests-PROFFER (additional) by Gov't-Counsel's closing arguments-Court to take matter under submission-WRITTEN ORDER to be entered by the Court (RLD) (Entered: 06/27/2001) |
| 06/27/2001 | | COURTROOM NOTES ( before Magistrate-Judge Paul W. Greene ): ARRAIGNMENT of dft Jeffery Jordan ; dft served, waived reading, & not guilty plea entered; dft's retained Attorney John C Robbins present; hrg adj; CrtRptr Lindy Fuller nbr 2C44 (CJV) (Entered: 06/27/2001) |
| 06/27/2001 | 14 | Clerk's Notice to Parties denoting change of venue (KWC) Modified on 06/27/2001 (Entered: 06/27/2001) |
| 06/28/2001 | 15 | APPEARANCE for dft Jeffery Jordan by Atty John C Robbins filed (YMB) (Entered: 06/29/2001) |
| 06/28/2001 | 16 | REQUEST for disclosure by dft Jeffery Jordan filed cm USA (YMB) (Entered: 06/29/2001) |
| 07/02/2001 | | Docket Modification (Utility) ; pretrial conference set for 1:30 7/12/01 for Adrian Chine Augmon, for Jeffery Jordan (KWC) (Entered: 07/02/2001) |
| 07/03/2001 | 17 | CJA Form 20 Copy 4 (Appointment of Counsel) Attorney James E. Harris, npt 06/19/01, as to dft ADRIAN CHINE AUGMON (RLD) (Entered: 07/03/2001) |
| | | |

https://ecf.alnd.circ11.dcn/cgi-bin/DktRpt.pl?777385736495465-L_353_0-1          5/5/2008

| 07/03/2001 | 18 | MOTION for extension of time to file pre-trial motions by dft Jeffery Jordan filed cs (YMB) (Entered: 07/06/2001) |
| 07/03/2001 | 19 | REQUEST for the Govt to discl its intention to use Rule 404(b) FRE by dft Jeffery Jordan filed cs (YMB) (Entered: 07/06/2001) |
| 07/12/2001 | 20 | 12 - ORDER (by Magistrate-Judge Paul W. Greene) granting motion for withdrawal of Nathaniel D Owens, atty for dft Jeffery Jordan [12-1] withdrawing Nathaniel D Owens; cm (KWC) (Entered: 07/13/2001) |
| 07/13/2001 | 22 | 21 - ORDER (by MagisJudge Paul W Greene) that dft Augmon's motion to suppress [21-1] be considered by Chief Judge Clemon as a motion in limine cm (Former Employee) (Entered: 07/16/2001) |
| 07/16/2001 | | Docket Modification (Utility) pretrial conference held on 7/12/01 ; change of plea hearing (consent) set for 3:00 7/26/01 for Adrian Chine Augmon, for Jeffery Jordan (KWC) (Entered: 07/16/2001) |
| 07/16/2001 | | Docket Modification (Utility) ; jury trial set for 8/6/01 for Adrian Chine Augmon, for Jeffery Jordan (KWC) (Entered: 07/16/2001) |
| 08/07/2001 | 23 | NOTICE of hearing jury trial set for 9:00 a.m., 8/20/01 for Adrian Chine Augmon and Jeffery Jordan issued cm (DGS) (Entered: 08/07/2001) |
| 08/14/2001 | | Docket Modification (Utility) (KWC) (Entered: 08/14/2001) |
| 08/15/2001 | 28 | NOTICE of hearing change of plea hearing (consent) set for 4:00 p.m., 8/16/01 for Adrian Chine Augmon issued cm (DGS) (Entered: 08/15/2001) |
| 08/16/2001 | 29 | PLEA Agreement as to Jeffery Jordan filed (DGS) (Entered: 08/16/2001) |
| 08/16/2001 | | COURTROOM NOTES ( before Chief Judge U W. Clemon ): change of plea hearing (consent) held on 8/16/01 , guilty plea entered by Jeffery Jordan continued generally for sentence and continued on same bond - CrtRptr Tommy Dempsey (DGS) (Entered: 08/16/2001) |
| 08/17/2001 | 32 | 18 - ORDER ( by Chief Judge U W. Clemon ) finding the motion for extension of time to file pre-trial motions by dft Jeffery Jordan [18-1] moot cm (YMB) (Entered: 08/20/2001) |
| 08/17/2001 | | Docket Modification (Utility) [ motion [31-1] referred to Magistrate-Judge Paul W. Greene ], [ motion(s) referred ] (YMB) (Entered: 08/20/2001) |
| 08/20/2001 | 33 | 21 - ORDER ( by Chief Judge U W. Clemon ) finding the motion to suppress govt's video & audio tapes by dft Adrian Chine Augmon [21-1] moot cm (YMB) (Entered: 08/20/2001) |
| 08/21/2001 | 34 | ORDER ( by Magistrate-Judge Paul W. Greene ) ; pretrial conference set for 9:00 9/5/01 for Taquia Shenna Smith filed cm (YMB) (Entered: 08/21/2001) |
| 09/10/2001 | 35 | 31 - ORDER (by Magistrate-Judge Paul W. Greene) granting motion to produce [31-1] & for disclosure of Brady materials by dft Taquia Shenna |

CM/ECF Case 2:01-cr-00286-UWC Document 2 Filed 05/05/2008 Page 30 of 31 Page 6 of 7

| | | |
|---|---|---|
| | | Smith [31-2] to the extent of Rule 16 FRCrP & the due process obligations of the gov't under Brady; cm (KWC) (Entered: 09/11/2001) |
| 09/13/2001 | | Docket Modification (Utility) jury trial set for 10/1/01 for Taquia Shenna Smith (YMB) (Entered: 09/13/2001) |
| 10/11/2001 | 38 | OBJECTIONS to PSI by dft Jeffery Jordan filed cs (YMB) (Entered: 10/11/2001) |
| 11/09/2001 | 41 | NOTICE of hearing sentencing hearing set for 1:30 p.m., 11/29/01 for Adrian Chine Augmon issued cm (DGS) (Entered: 11/09/2001) |
| 11/09/2001 | 42 | NOTICE of hearing sentencing hearing set for 1:30 p.m., 11/30/01 for Jeffery Jordan issued cm (DGS) (Entered: 11/09/2001) |
| 11/29/2001 | | COURTROOM NOTES ( before Chief Judge U W. Clemon ): sentencing hearing held on 11/29/01 as to deft Augmon - SENTENCE; CBP 168 months; SRT 60 months with following special conditions; deft shall participate in DAICASP; deft shall participate, if and as directed by the USPO, in such mental health/vocational rehabilitation programs as the officer may direct, to include a certified domestic violence intervention progam - deft shall not possess a pager, cellular telephone, scanner or other portable communication device ( or direct any person on his behalf to do so) without the written consent of the probation officer specifying that such consent is in connection with legitimate employment - Assessment Fee $100.00 - CrtRptr Virgian Flowers (DGS) (Entered: 11/30/2001) |
| 11/29/2001 | 45 | 44 - ORDER ( by Chief Judge U W. Clemon ) granting motion for downward departure by USA as to Adrian Chine Augmon [44-1] cm (YMB) (Entered: 11/30/2001) |
| 12/03/2001 | 49 | MOTION for downward departure in sentence premised on substantial assistance by USA as to Jeffery Jordan filed cs dl UWC (YMB) (Entered: 12/03/2001) |
| 12/04/2001 | | COURTROOM NOTES ( before Chief Judge U W. Clemon ): sentencing hearing held on 12/4/01 as to defendant Jordan - SENTENCE: cbp 87 months as to count one; 87 monhts as to count two to run concurrently with count one; srt 60 months with following special conditions; deft to participate in DAICASP; deft to participate, if and as directed by the probation officer, in such mental health/vocational rehabilitation programs, to inculde a certified domestic violence intervention program; deft shall not possess a pager, cellular phone, scanner or other portable communication device (or direct any person on his behalf to do so), without the written consent of the probation officer specifying that such consent is in connection with legitimate employment; Assessment Fee $200.00; deft to report to the institution or USM by 12:00 Noon on 12/28/01 for service of his sentence - CrtRptr Tommy Dempsey (DGS) (Entered: 12/04/2001) |
| 12/04/2001 | | SENTENCING ( by Chief Judge U W. Clemon ): sentencing Jeffery Jordan (2) count(s) 1, 2. CBP 87 mos as to cts 1 & 2 to run concurr; SRT |

https://ecf.alnd.circ11.dcn/cgi-bin/DktRpt.pl?777385736495465-L_353_0-1        5/5/2008

| | | |
|---|---|---|
| | | 60 mos; no fine; asmt fee $200.00 (YMB) (Entered: 12/12/2001) |
| 12/12/2001 | 50 | 49 - ORDER ( by Chief Judge U W. Clemon ) granting motion for downward departure in sentence premised on substantial assistance by USA as to Jeffery Jordan [49-1] deemed filed 12/4/01. cm (YMB) (Entered: 12/12/2001) |
| 12/12/2001 | 51 | PRESENTENCE Report on Jeffery Jordan filed under seal cm USPO (YMB) (Entered: 12/12/2001) |
| 12/12/2001 | 52 | SENTENCING RECOMMENDATIONS as to Jeffery Jordan filed under seal cm USPO (YMB) (Entered: 12/12/2001) |
| 12/12/2001 | 53 | JUDGMENT and Commitment as to Jeffery Jordan ( by Chief Judge U W. Clemon ) case terminated, filed cm del USM (YMB) (Entered: 12/12/2001) |
| 12/15/2001 | 54 | CERTIFICATE (CrtRptr Tommy Dempsey), tape and notes of plea on 8/16/01 (sentencing by VF) before UWC as to dft Adrian Chine Augmon (YMB) (Entered: 12/15/2001) |
| 12/15/2001 | 55 | CERTIFICATE (CrtRptr Tommy Dempsey), tape and notes of plea on 8/16/01 & sentencing on 12/4/01 before UWC as to dft Jeffery Jordan (YMB) (Entered: 12/15/2001) |
| 12/27/2001 | 57 | MOTION to extend time to report to designated corr facility by dft Jeffery Jordan filed cs dl UWC (Former Employee) (Entered: 12/27/2001) |
| 12/28/2001 | 58 | 57 - ORDER (by Chief Judge U W Clemon) denying motion to extend time to report to designated corr facility by dft Jeffery Jordan [57-1], cm (Former Employee) (Entered: 01/02/2002) |
| 01/07/2002 | 59 | TRANSCRIPT of plea on 8/16/01 & sentence on 12/4/01 as to Jeffery Jordan before UWC CrtRptr Thomas Dempsey filed 26 pages (YMB) (Entered: 01/07/2002) |
| 05/05/2008 | ❍61 | Probation Jurisdiction Transferred to ND/CA as to Jeffery Jordan Transmitted Transfer of Jurisdiction form, with certified copies of indictment, plea agreement, judgment, financial report and docket sheet; ccm. (DWC, ) (Entered: 05/05/2008) |



**TRUE COPY:**

By: _D. Cooper_